Filed 6/26/24  P. v. R.M. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082794 |
| v. | (Super.Ct.No. FELSB23000057) |
| R.M., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kawika Smith, Judge.  Dismissed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant R.M. pled no contest to arson of an inhabited structure (Pen. Code, § 451, subd. (b), count 1)[1] and vandalism (§ 594, count 3). The court sentenced defendant to three years of imprisonment.

Personnel at the Board of Parole Hearings determined that defendant met the criteria for being committed as a mentally disordered offender (MDO). Defendant filed a petition pursuant to section 2966 challenging the determination that she should be committed. The court found defendant met the criteria of an MDO and ordered her to remain in the Department of State Hospitals to continue receiving treatment.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738,[2] setting forth a statement of the facts, a statement of the case, and identifying one potentially arguable issue: whether the evidence was sufficient to prove that defendant was subject to an extension of her commitment under section 2966. We dismiss.

We gave defendant the opportunity to file a personal supplemental brief. Nevertheless, she has not filed one. Under these circumstances, we have no obligation to

---

[1] All further statutory references will be to the Penal Code.

[2] The court in *People v. Taylor* (2008) 160 Cal.App.4th 304, determined that *Wende* and *Anders* procedures do not apply in appeals from orders committing MDO's. (*Taylor*, at pp. 312-314; see *People v. Martinez* (2016) 246 Cal.App.4th 1226, 1240 [*Wende* review not applicable to appeals extending not guilty by reason of insanity commitments]; accord, *People v. Luper* (2022) 73 Cal.App.5th 1077, 1082; see also *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544 [*Wende* procedures do not apply to Lanterman-Petris-Short Act conservatorship proceedings]; *People v. Delgadillo* (2022) 14 Cal.5th 216, 224-231 [*Wende* review not required in appeals from the denial of section 1172.6 petitions].)

independently review the record for error.  (*People v. Taylor*, *supra*, 160 Cal.App.4th at pp. 312-314; *People v. Martinez*, *supra*, 246 Cal.App.4th at p. 1240; *People v. Luper*, *supra*, 73 Cal.App.5th at p. 1082; *Conservatorship of Ben C.*, *supra*, 40 Cal.4th at p. 544; *People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 224-231.)  Rather, we dismiss the appeal. (*People v. Taylor*, at pp. 313-314.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

MENETREZ
J.

3